```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
EDDIE J. WARD,                     :
                                   :
          Plaintiff,               :    Civ. No. 20-0187 (NLH) (KMW)
                                   :
     v.                            :         OPINION
                                   :
DET. BRANDON STOCKS,               :
et al.,                            :
                                   :
          Defendants.              :
_____:
```

APPEARANCE:

Eddie J. Ward
01-274677
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing, NJ 08330
Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Eddie J. Ward, an inmate presently incarcerated at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting a claim pursuant to the 42 U.S.C. § 1983.

    In an Order and Opinion dated January 13, 2020, the Court administratively terminated the complaint filed January 9, 2020 because Plaintiff's in forma pauperis application was incomplete.  ECF No. 3.  The account statement provided by Plaintiff did not comply with 28 U.S.C. § 1915(a)(2) because it did not cover the six-month period immediately preceding the

filing of the complaint.  Plaintiff's account statement was dated November 27, 2019, over a month before the complaint was filed, and was not accompanied by a certification form.  ECF No. 1-1.

Plaintiff did not return a complete <u>in forma pauperis</u> application in response to the Court's January 13, 2020 Order. ECF No. 4.  The only document included with Plaintiff's January 30, 2020 submission is a certification form dated January 27, 2020.  He did not submit a new account statement with the certification covering the six-month period immediately preceding the filing of the complaint.  Plaintiff must submit both an account statement for the six-month period immediately preceding the January 9, 2020 complaint and a certification form attesting to that particular account statement for the Court 's review.  28 U.S.C. § 1915(a)(2).

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's <u>in forma pauperis</u> application is denied without prejudice.  The Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>Papotto v. Hartford Life & Acc.</u>

2

The Clerk will be directed to reopen the matter once Plaintiff submits a new application.

An appropriate Order follows.

Dated: February 3, 2020         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).